# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 103

State of North Dakota,

Plaintiff and Appellee

v.

Justin Lee Camperud,

Defendant and Appellant

### No. 20230370

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Nicholas S. Samuelson (argued) and Joshua J. Traiser (appeared), Assistant State's Attorneys, Fargo, ND, for plaintiff and appellee.

Richard E. Edinger, Fargo, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]     Justin Lee Camperud appeals from a district court's judgment. Camperud argues the court abused its discretion when it did not grant a continuance after he and the court learned the State did not disclose evidence of a marital relationship between an expert witness and a Cass County Assistant State's Attorney as well as the witness's involvement in a mental health assessment of the alleged victim. We affirm.

I

[¶2]     On July 13, 2021, the mother of the alleged child victim called the Fargo police department to report Camperud's suspected sexual abuse of the child. The child told her mother that Camperud sexually abused her in 2016 while she slept in the same bed as Camperud. On July 30, 2021, the child was interviewed by the Red River Children's Advocacy Center, a non-governmental organization.

[¶3]     In October 2021, Dr. Anna Schimmelpfennig, the director of mental health services at Red River Children's Advocacy Center, participated in a mental health assessment for the child. The assessment is an intake interview and form that includes "background on family history and general mental health symptoms." As the director, Schimmelpfennig "signs off" on all mental health assessments at the Center. An intern interviewed the child and Schimmelpfennig performed the assessment measures. The assessment includes questions about traumatic events that "may or may not have happened" to the child, which the child or caregiver answers yes or no. The interviewer does not probe beyond the answers provided. Schimmelpfennig's participation included reading questions, providing information, and helping answer questions.

[¶4]     The Center retains each patient's intake form, and the results are used in a score summary. The form helps create a discharge summary that includes several findings and recommendations for treatment. The child's assessment was primarily actuarial but included questions and answers on the child's ability to remember the incident. Confidentiality of the assessment is protected by the Health Insurance Portability and Accountability Act of 1996. 42 U.S.C. § 1320d-6 (2010); 42 U.S.C. § 1320d(6) (2010).

[¶5]   In November 2022, the State notified Camperud that it intended to call Schimmelpfennig as an expert witness. The State disclosed that Schimmelpfennig would testify on why children delay reporting sexual abuse, why the disclosure often is given piecemeal, why children who are sexually abused have difficulty recalling the "timing and sequencing of instances of abuse," and symptoms of children who are sexually abused. During a fall of 2022 pretrial meeting with the State, Schimmelpfennig informed the State she was married to a Cass County Assistant State's Attorney. Her husband handles juvenile, drug, and mental health cases and was not involved in this case.

[¶6]   On May 12, 2023, the Friday before trial, Schimmelpfennig told the State she had participated in a mental health assessment of the child and, again, was married to a Cass County Assistant State's Attorney. On May 15, 2023, the day before trial was to start, Camperud learned Schimmelpfennig recently married a Cass County Assistant State's Attorney. Camperud moved to exclude Schimmelpfennig's testimony because the State failed to provide him with this information.

[¶7]   On May 16, 2023, Camperud renewed his motion to exclude Schimmelpfennig's testimony or grant a continuance. The district court directed that Schimmelpfennig be available for a pretrial deposition so Camperud could question her about her relationship with the Assistant State's Attorney. Separately, the court permitted voir dire on whether Schimmelpfennig's marriage to an Assistant State's Attorney would affect her testimony. Schimmelpfennig testified that her husband does not know what case she is testifying on and that her testimony is based on her experience, training and education. She testified that her relationship with her husband would not affect her testimony. She also testified that she was familiar with the case because she performed a mental health assessment on the child.

[¶8]   The district court convened a second round of voir dire after Schimmelpfennig's disclosure of familiarity with the case. Schimmelpfennig testified she took part in the child's assessment, explained her duties concerning the assessment, identified other participants engaged in the assessment, told what the assessment is used for, and stated she could rely on her training and expertise during her testimony because of her knowledge of the case. She also testified that she was familiar with the child's background, allegations made by the child, and the charges brought against Camperud. The assessment did not include any comment of Schimmelpfennig reviewing the child's interview. She testified a layperson could read the assessment in an hour. Because of HIPAA protections, the court ordered Schimmelpfennig to turn over the assessment to Camperud and the State. The court

2

also limited the State's direct examination to the documents and topics previously disclosed to Camperud. The court delayed the start of trial to the next day, May 17, 2023.

[¶9] Schimmelpfennig testified two days later. During her testimony, Camperud did not ask Schimmelpfennig about the assessment, but actively tried to impeach Schimmelpfennig over her marriage to a Cass County Assistant State's Attorney. A jury found Camperud guilty of gross sexual imposition and he timely appealed.

II

[¶10] Camperud argues the district court abused its discretion by not granting a continuance after he and the court learned the State withheld evidence of a marital relationship between an expert witness and a Cass County Assistant State's Attorney and the expert witness's participation in the assessment of the child. His brief includes citation to N.D.R.Crim.P. 16 and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972), but he does not develop with citation to law and facts which obligation the State breached. Nevertheless, the record is undisputed that Camperud learned about the marriage the day before trial and the State never disclosed that the expert participated in preparation of the victim's assessment. While not condoning Camperud's lack of analysis, it is apparent the State's failures constituted a breach of its duty to timely disclose information to Camperud.

[¶11] The appropriate remedy or sanction could differ depending on the State's precise disclosure violations. *See United States v. Spinelli*, 551 F.3d 159, 164 (2d Cir. 2008) (Government's failure to disclose material, favorable information under *Brady* and *Giglio* will result in an order of retrial.); *State v. Archambault*, 2022 ND 198, ¶ 4, 982 N.W.2d 8 (explaining that N.D.R.Crim.P. 16 provides for a remedy that includes a continuance). "A court 'should impose the least severe sanction that will rectify the prejudice, if any, to the opposing party.'" *Id.* (citing *State v. Kolstad*, 2020 ND 97, ¶ 27, 942 N.W.2d 865).

[¶12] Here, Camperud only moved to continue the start of trial. Thus, we limit our consideration to the relief he requested. "Whether to grant a motion for a continuance rests within the district court's discretion." *Pinkney v. State*, 2021 ND 155, ¶ 8, 963 N.W.2d 737. "A motion for a continuance will be granted only if the movant shows good cause." *Id.* A court's decision to grant a continuance is reviewed by looking "at the particular facts and circumstances of each case as there is no mechanical test for determining whether the court abused its discretion." *State v. Thomas*, 2020 ND 30, ¶ 8, 938 N.W.2d 897. A court "abuses

its discretion when it acts in an arbitrary, unreasonable, unconscionable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.*

[¶13] Camperud argues the district court erred by not continuing trial when the State failed to disclose Schimmelpfennig's participation in a mental health assessment and her marriage to a Cass County Assistant State's Attorney. In October 2021, Schimmelpfennig participated in a mental health assessment of the child. In November 2022, Schimmelpfennig told the State she was married to an Assistant State's Attorney. On May 12, 2023, the State learned of her participation in the assessment. The State did not disclose either revelation to Camperud on May 12, 2023. Four days later, on May 16, Camperud first learned of Schimmelpfennig's participation in a mental health assessment of the child when Schimmelpfennig conveyed it during voir dire about her marriage to the Assistant State's Attorney. The State's notice of Schimmelpfennig's expected testimony did not disclose that Schimmelpfennig had any direct involvement with the child or the Cass County State's Attorney's Office. The State knew of the assessment four days before trial and the marriage for several months, yet Camperud did not learn of the evidence until the eve of trial when Schimmelpfennig testified on voir dire about the assessment's existence.

[¶14] The State committed discovery violations, but the district court required production of the assessment, limited the expert's testimony to the topics and documents previously disclosed to Camperud, permitted two voir dire sessions of the expert, and delayed the start of trial for a day. The court chose the least severe sanctions to rectify the non-disclosure. *Archambault*, 2022 ND 198, ¶ 4. Under the facts of this case, the district court did not abuse its discretion by denying Camperud's motion for a continuance based on the undisclosed assessment or the expert's marriage to an Assistant State's Attorney.

III

[¶15] The district court did not abuse its discretion by not granting a continuance after the State failed to timely disclose evidence of a marital relationship between an expert witness and a Cass County Assistant State's Attorney as well as the witness's involvement in a mental health assessment of the child-victim. We affirm the district court's judgment.

[¶16]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

Douglas A. Bahr